IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:98 CR 282-11

**UNITED STATES,**

  **v.**

**DADRIAN NEKEITH ROMAN,**

  **Defendant.**

**ORDER**

**THIS MATTER** is before the Court on Defendant's "Motion for Writ of Habeas Corpus Order for Immediate Release, Judicial Review of Administrative Record, and Writ of Duces Tecum Order to Produce the Documents," filed January 20, 2006.

On April 1, 1999, Defendant pled guilty to one count of conspiracy to possess with intent to distribute, and distribute, quantities of cocaine and cocaine base, Sch. II controlled substances. And, on August 30, 2001, a Judgment was entered, sentencing Defendant to 240 months imprisonment. Defendant appealed the sentence and, on June 5, 2002, the Fourth Circuit, in an unpublished opinion, affirmed the sentence as imposed.

Defendant now challenges the sentence imposed by this Court, stating that the Judgment is void and this Court had no authority to sign the Judgment. Essentially, Defendant argues that the Judgment is invalid because the Court's determination of his sentence violated the Fifth Amendment, Sixth Amendment, and denied him due process of law. Defendant also argues that the United States Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), had the effect of making his sentence "illegal."

Since Defendant has already been sentenced in this matter, he is bringing a collateral attack on his sentence, arguing that it is invalid and void. In so doing, Defendant is essentially

bringing a Title 28, United States Code, Section 2255 Motion. However, Defendant did not reference Section 2255 in his Motion. Therefore, this Court will provide Defendant with thirty (30) days in which to notify the Court as to whether he wants the current Motion construed as a Section 2255 Motion.

Defendant is advised, however, that in 1996, Congress passed the Antiterrorism and Effective Death Penalty Act which amended Section 2255 to add a one-year limitation period. In relevant part, Section 2255 now provides that "[t]he limitation period shall run from the latest of (1) *the date on which the judgment of conviction becomes final*; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 (emphasis added).

Defendant's judgment became final on June 28, 2002, when the Fourth Circuit entered Judgment affirming Defendant's sentence. Therefore, in order to maintain a Section 2255 claim, Defendant had to file a motion by June 28, 2003. Defendant did not file a Section 2255 motion within the limitations period.

Although Defendant's Section 2255 Motion, should he choose to have the Court construe his current Motion as such, is untimely filed, the Fourth Circuit has found in such cases that the district court must offer the defendant an opportunity to explain why an apparently untimely

Section 2255 motion is subject to some exception. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *see also McMillan v. Jarvis*, 332 F.3d 244, 248 (4th Cir. 2003) (concluding that *Hill*'s notice requirement extends to both *pro se* habeas petitioners and those represented by counsel).

Therefore, if Defendant chooses to have the Court construe his "Motion for Writ of Habeas Corpus Order for Immediate Release, Judicial Review of Administrative Record, and Writ of Duces Tecum Order to Produce the Documents" as a Section 2255 Motion, the Court would permit Defendant to provide additional documentation to support his Section 2255 Motion, and to offer an explanation as to why his untimely Section 2255 motion is subject to an exception to the limitations period.

**IT IS, THEREFORE, ORDERED** that the Court **DEFERS RULING** on Defendant's "Motion for Writ of Habeas Corpus Order for Immediate Release, Judicial Review of Administrative Record, and Writ of Duces Tecum Order to Produce the Documents."

**Defendant is notified that he has until March 10, 2006, to notify the Court as to whether he wants his current Motion construed pursuant to Section 2255**. If Defendant does not so notify the Court, the Court will construe Defendant's "Motion for Writ of Habeas Corpus Order for Immediate Release, Judicial Review of Administrative Record, and Writ of Duces Tecum Order to Produce the Documents" as a Section 2255 Motion, and render an Order accordingly.

Signed: February 3, 2006

Richard L. Voorhees
Chief United States District Judge