```
UNITED STATES DISTRICT COURT FOR THE
    WESTERN DISTRICT OF NORTH CAROLINA
           STATESVILLE DIVISION
              5:06CV49-V-1
              (5:98CR282-V)
```

| | |
|---|---|
| **DADRIAN KEITH ROMAN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence," filed January 20, 2006.

On April 1, 1999, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute, and distribute, quantities of cocaine and cocaine base. On August 30, 2001, this Court sentenced Petitioner to 240 months imprisonment. Petitioner appealed his sentence and, on June 5, 2002, the United States Court of Appeals for the Fourth Circuit, in an unpublished opinion, affirmed the sentence as imposed.

On January 20, 2006, Petitioner filed a motion challenging the sentence imposed by this Court, stating that the Judgment was void and that this Court had no authority to sign the Judgment. After reviewing Petitioner's motion this Court concluded that it was most properly construed as a motion to vacate, set aside, or correct sentence. In accordance with United States v. Emmanuel, 288 F. 3d

644 (4th Cir. 2002), this Court notified Petitioner that he had until March 10, 2006, to notify the Court as to whether he wanted his current filing to be construed as a motion to vacate. Petitioner was informed that his failure to notify the Court as to his intentions would result in his filing being treated as a motion to vacate. In that same Order the Court noted that in all likelihood any motion to vacate filed by Petitioner was untimely but provided him with an opportunity to explain why his petition was not untimely. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002)(requiring notice to pro se Defendant prior to summary dismissal of untimely 28 U.S.C. §2254 petition).

Since the Court's February 3, 2006, Order, Petitioner has filed a February 15, 2006, motion,[1] a February 24, 2006, motion,[2] and a March 3, 2006, motion. The only motion which is even remotely responsive to the Court's February 3, 2006, Order is his March 3, 2006, motion.[3] Nowhere in his March 3, 2006, filing does Petitioner object to his filing being construed as a motion to vacate so the Court will treat it as such.

---

[1] After observing that Petitioner's February 15, 2006, motion was the exact same motion as his January 20, 2006, motion, this Court denied that motion in its April 11, 2006, Order.

[2] This Court's April 11, 2006, order denied Petitioner's February 24, 2006, motion.

[3] In his March 3, 2006, motion, Petitioner argues that he has not filed a successive 2255 motion because he is raising claims that did not exist for earlier claims. Petitioner has not filed any previous 2255 motions and therefore his current motion is not successive.

As the Court stated in its earlier Order Petitioner's motion to vacate appears to be untimely. That is, Petitioner's criminal case became final on or about September 26, 2002. See Clay v. United States, 537 U.S. 522 (2003)(federal criminal conviction becomes final when time for filing petition for certiorari contesting appellate court's affirmation of conviction expires). Because Petitioner did not file the instant § 2255 motion until over three years later on January 10, 2006, his § 2255 motion is untimely.

Although Petitioner's response is far from clear, it appears that Petitioner is arguing that his § 2255 motion is not untimely because he is actually innocent of the crime of Possession of a Firearm During and in Relation to Drug Trafficking. A review of Petitioner's criminal case reveals that he was not convicted of a § 924(c) violation. He did, however, receive a two level enhancement for possession of firearms. The United States Court of Appeals for the Fourth Circuit, however, affirmed this Court's application of the two level enhancement for possession of firearms. Petitioner cites no retroactive authority that would give this Court the authority to overrule the Fourth Circuit. Consequently, for the reasons set forth in the Court's February 3, 2006, Order, and above, this Court concludes that Petitioner's Motion to Vacate is untimely.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** as untimely.

Signed: May 31, 2006

Richard L. Voorhees
Chief United States District Judge